NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2016
Decided November 14, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1239

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 CR 650-1 |
| PALO BROWN,<br>*Defendant-Appellant*. | Virginia M. Kendall,<br>*Judge*. |

**O R D E R**

Palo Brown and his codefendants robbed a gas station and two jewelry stores at gunpoint and, in between, tried to rob a third jewelry store. While fleeing from the last robbery, Brown held a gun to a woman's head and demanded her car. She fought back, forcing Brown instead to flee on foot, and the police caught him. He pleaded guilty to conspiracy to obstruct commerce by robbery, 18 U.S.C. § 1951(a), brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii), and attempted carjacking, *id.* § 2119. Before sentencing Brown moved unsuccessfully to withdraw his guilty pleas, claiming that he was denied effective assistance of counsel. The district court sentenced him to 240 months' imprisonment for the conspiracy, 84 months for brandishing the gun (the

statutory minimum), and 52 months for the attempted carjacking, all running consecutively.

Brown filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Brown has not accepted our invitation to respond to counsel's motion. *See* 7TH CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind might involve. Because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects he discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel begins by addressing whether Brown could challenge the district court's denial of his motion to withdraw his guilty pleas, but the lawyer does not tell us if Brown wants to challenge his guilty pleas. If counsel did not consult Brown, he should have done so before submitting his *Anders* motion. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Even so, counsel's oversight is harmless because an appellate claim based on Brown's guilty pleas would be frivolous. *See Konczak*, 683 F.3d at 349.

During the plea colloquy, the district court informed Brown about the nature of the charges, the statutory penalties, and the role of the sentencing guidelines. *See* FED. R. CRIM. P. 11(b)(1)(G–M). The court also explained to Brown that he would give up his trial rights by pleading guilty, including his rights to a jury, to cross-examine witnesses, and to present evidence. *See* FED. R. CRIM. P. 11(b)(1)(C), (E–F). Finally, the court ensured that there was a factual basis for the pleas and that Brown was not threatened or coerced into pleading guilty. *See* FED. R. CRIM. P. 11(b)(2–3). But the court overlooked a few items. The court neglected to tell Brown that his sworn statements during the colloquy could be used in a perjury prosecution, but that error was harmless because no prosecution is pending or anticipated. *See* FED. R. CRIM. P. 11(b)(1)(A); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). The court also omitted mention of Brown's right to counsel at trial, *see* FED. R. CRIM. P. 11(b)(1)(D), but during the plea colloquy, Brown was represented by an appointed lawyer, and nothing in the record suggests that he did not know that counsel would continue to represent him if he opted for trial. *See United States v. Lovett*, 844 F.2d 487, 491–92 (7th Cir. 1988). And, last, the district court did not tell Brown that he could persist with his pleas of not guilty, *see* FED. R. CRIM. P. 11(b)(1)(B), but that information was conveyed to Brown in his plea agreement. *See United States v. Adams*, 746 F.3d 736, 746–47 (7th Cir. 2014); *Lovett*, 844 F.2d at 491.

Thus, an appellate claim challenging the entry of Brown's guilty pleas would be frivolous.

Likewise, as appellate counsel asserts, an argument that the district court abused its discretion in not allowing Brown to withdraw those pleas also would be frivolous. In his pro se motion, Brown argued that he received ineffective assistance of counsel because, he asserted, the lawyer had lied about, and refused to pursue, possibly meritorious arguments concerning the indictment and the quality of counsel's investigation of the case.

But the district court gave sound reasons for rejecting Brown's criticisms of counsel. For one, the court correctly characterized as frivolous his related theories about the indictment and counsel's investigation. Brown asserted in his motion that counsel should have investigated a codefendant's claim of mental illness and also that the prosecutor should have disclosed that claimed illness when the codefendant testified as a government witness before the grand jury. But the codefendant's testimony was not necessarily untrustworthy because of mental illness, and the grand jury was allowed to consider that testimony. *See United States v. Calandra*, 414 U.S. 338, 345 (1974) (noting that the validity of an indictment is not affected by the character of the evidence considered); *United States v. Gutman*, 725 F.2d 417, 420 (7th Cir. 1984) (concluding that a witness with "bouts of serious mental illness" was not necessarily "incapable of telling the truth"); *United States v. George*, 532 F.3d 933, 936 (D.C. Cir. 2008) (recognizing that a witness's mental illness is relevant only if it affected the witness's ability or willingness to testify truthfully). Moreover, the district court properly relied on Brown's contradictory statements made under oath during the Rule 11 colloquy. *See United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (explaining that district judges typically are justified in rejecting a defendant's representations in a motion to withdraw his guilty plea and holding a defendant to admissions made during the plea colloquy). Brown had said during the colloquy that counsel reviewed the plea agreement with him "a couple of times" and answered his "multiple" questions. He also acknowledged being satisfied with the lawyer's assistance. And the district court thought that counsel's advice to plead guilty was sound in light of the large, looming sentence and overwhelming evidence. *See United States v. Peleti*, 576 F.3d 377, 384–85 (7th Cir. 2009) (concluding that counsel was effective in focusing on negotiating a plea because there was "devastating" evidence against the defendant); *United States v. Messino*, 55 F.3d 1241, 1252–53 (7th Cir. 1995). The court noted that counsel had negotiated the dismissal of three of four gun counts, which reduced Brown's total, consecutive exposure for those crimes from a statutory minimum of 82 years to just 7 years.

The only other potential claim that counsel identified is whether Brown could argue that it was clear error to increase his offense level under the sentencing guidelines for a leadership role. *See* U.S.S.G. § 3B1.1. We agree with the lawyer that this potential claim would be frivolous. Brown objected to receiving any increase because, he insisted, he and both codefendants participated equally despite their differing responsibilities. But the district court credited the sentencing-hearing testimony of the cooperating codefendant, who described Brown as the "brains" behind the robberies and said that Brown defined each person's role, received most of the proceeds and divvied out the rest, and fenced the stolen jewelry. The district court was entitled to credit this testimony. *See United States v. Isom*, 635 F.3d 904, 907–08 (7th Cir. 2011) (noting that a sentencing judge is free to credit uncorroborated testimony of a self-interested coconspirator); *United States v. Johnson*, 489 F.3d 794, 797–98 (7th Cir. 2007) (same). And the witness's testimony that Brown was the "brains" of the robbery spree was enough to support the upward adjustment. *See United States v. Grigsby*, 692 F.3d 778, 791 (7th Cir. 2012) (upholding an increase for a leadership role based on the coconspirators' testimony that the defendant initiated the bank-robbery scheme, played a leading role in recruiting others, supervised robberies from outside banks, and divided up the proceeds); *United States v. Watson*, 525 F.3d 583, 590 (7th Cir. 2008) (upholding an increase for a leadership role based on evidence that the defendant planned the bank robbery, pressured a coconspirator for details about the bank, recruited another person, and kept most of proceeds before dividing up the remainder).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.